HENSEL, BRUCKMANN & LORBACHER, INC. *v.* UNITED STATES

**No. 7860** ▬▬▬▬▬▬▬▬
Entry No. 718172, etc.

(Decided August 10, 1950)

*Eugene R. Pickrell* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED by and between the attorneys for the respective parties herein, subject to the approval of the Court, that

1. The merchandise which is the subject of the appeals for reappraisement listed above, was exported from Germany within the period covered by the decision of the United States Customs Court in the appeals for reappraisement entitled *United States* v. *Nicholas Gal, et al.*, decided in Reappraisement Decision No. 6192, reported in 15 U. S. Customs Court Reports 395, and is in all material respects similar to that covered by the said decided appeals for reappraisement.

2. Subject to the approval of the Court, the record in the case of *United States* v. *Nicholas Gal, et al.*, Reappraisement Decision No. 6192, be and the same is hereby incorporated herein and made a part of this record.

3. Merchandise such as or similar to that covered by the above appeals for reappraisement was not sold or freely offered for sale for home consumption in

Germany to all purchasers in the principal markets of Germany in the usual wholesale quantities and in the ordinary course of trade at the times of exportation of the merchandise covered by the instant appeals for reappraisement.

4. Merchandise such as or similar to that covered by the above-listed appeals for reappraisement was at the times of exportation from Germany of the merchandise at bar, sold or freely offered for sale for export to the United States to all purchasers in the principal markets of Germany in the usual wholesale quantities, as represented by the invoiced quantities of the importations at bar and in the ordinary course of trade, at prices equivalent to the invoice unit values, less the items specified as non-dutiable in Par. 5 of this stipulation, which include the cost of all containers and coverings, and all other costs and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

5. The non-dutiable items included in the invoice values, are as set forth in each entry before the Court in the above-listed appeals for reappraisement, except that specific duty at 5 cents per pound and ad valorem duty at 15 per centum is as expressed in United States dollars in each invoice and except further as follows:

In Appeal No. 129136–A, the item set forth as "Custom declaration and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 67.40 Reichsmarks to 59.40 Reichsmarks.

In Appeal No. 129137–A, the item set forth as "Custom entry and delivery charges" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 22.90 Reichsmarks to 18.40 Reichsmarks.

In Appeal No. 129138–A, the item set forth as "Custom charges and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 58.20 Reichsmarks to 43.90 Reichsmarks.

In Appeal No. 129139–A, the item set forth as "Custom declaration and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 24.80 Reichsmarks to 19.90 Reichsmarks.

In Appeal No. 129291–A, the item set forth as "Custom charges and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 44.50 Reichsmarks to 38.70 Reichsmarks.

In Appeal No. 129292–A, the item set forth as "Custom declaration and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 39.70 Reichsmarks to 34.00 Reichsmarks.

In Appeal No. 129293–A, the item set forth as "Custom charges and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 25.10 Reichsmarks to 20.40 Reichsmarks.

In Appeal No. 129294–A, the item set forth as "Entry" and "cartage" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 36.90 Reichsmarks to 31.40 Reichsmarks.

In Appeal No. 129598–A, the item set forth as "Custom declaration and delivery" is not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 75.90 Reichsmarks to 68.40 Reichsmarks.

In Appeal No. 129599–A, the item set forth as "Customs entry and charges" is

not deductible from the invoice value, and the item set forth as "freight from factory to Hamburg" is reduced in amount from 39.70 Reichsmarks to 34.10 Reichsmarks.

6. Subject to the approval of the Court, the above-listed appeals for reappraisement are hereby submitted for decision.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoice unit values, less the items specified as nondutiable in paragraph 5 of the above-quoted stipulation.

Judgment will be entered accordingly.